**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BILLY NORRIS** | § | |
| **Individually and on behalf** | § | |
| **of all others similarly situated** | § | |
| | § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO. 6:19-cv-617** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **SHARON BARRINGTON** | § | **COLLECTIVE ACTION** |
| **DBA BARRINGTON TRUCKING** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiff, Billy Norris ("Norris") or ("Plaintiff"), files this Complaint against Sharon Barrington dba Barrington Trucking (collectively "Barrington Trucking" or "Defendants" herein) showing in support as follows:

## I.     SUMMARY

1.      At times relevant, Plaintiff worked for Barrington Trucking performing driving services on behalf of the company. Plaintiff and the other employees providing driving services were not paid overtime wages as required by the Fair Labor Standards Act.

### A.   FLSA Overtime Claims

2.      Plaintiff and the putative class members worked in excess of 40 hours per workweek, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a workweek by any Defendant in this lawsuit.

3.      Plaintiff brings this case on his own behalf and on behalf of all other drivers who

were not properly paid overtime wages. Norris seeks unpaid overtime wages, liquidated damages, costs and attorney's fees under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek while working as drivers for Barrington Trucking (the "FLSA Overtime Claim").

4.       Plaintiff files this FLSA Overtime Claim individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b) against Defendants.

## B.   FLSA Minimum Wage Claims

5.       Norris, on behalf of himself and all others similarly situated, seeks recovery of FLSA minimum wage damages as a result of the off-the-clock work performed. Norris files this claim as an FLSA collective action pursuant to 29 U.S.C. § 216(b) against Defendants. (the "FLSA Minimum Wage Claim").

## C.   Texas State Law Wage Theft Claims

6.       Furthermore, as an employee under Texas Law, Norris seeks recovery of all straight time wages owed by Defendants for all hours worked. Alternatively, Norris seeks recovery of all straight time wages owed by Defendants for the aforementioned Wage Theft under the Texas Law principles of *quantum meruit* and/or money had and money received. Norris files his Texas State Law Claims for the aforementioned Wage Theft individually and as the representative of the putative class members pursuant to Federal Rule of Civil Procedure 23 (the "Texas State Law Wage Theft Claim").

## II.  THE PARTIES, JURISDICTION, AND VENUE

### A.  Plaintiff Billy Norris

7.      Norris is a natural person and is currently a resident of Lindale, Texas. He has standing to file this lawsuit.

8.      Norris worked exclusively for Barrington Trucking as an intra-state truck driver from approximately the end of 2015 until to July 2019 in and around East Texas. Norris was paid an hourly rate for his work; however, he was not paid overtime wages for all hours worked over 40 in a work week.

### B.  FLSA Collective Action Members

#### 1.  FLSA Overtime Claim

9.      The FLSA Overtime Claim putative collective action members (hereafter the "FLSA Putative Collective Action Members") are all current and/or former drivers similarly situated to Plaintiffs who (a) work/worked more than 40 hours in any workweek in the relevant time period; and (b) are/were not paid time and one- half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendants.

10.     All of the FLSA Putative Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

11.     The time period relevant to the claims of the FLSA Putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

#### 2.  FLSA Minimum Wage Claim

12.     The FLSA Minimum Wage Claim putative collective action members (hereafter the "FLSA Minimum Wage Putative Collective Action Members") are all current and/or former misclassified drivers similarly situated to Norris who were not paid all minimum wage owed by

Defendants due to the number of off-the-clock hours worked.

13. All of the FLSA Minimum Wage Putative Collective Action Members are similarly situated to Norris, and to one another, within the meaning of Section 216(b) of the FLSA.

14. The time period relevant to the claims of the FLSA Wage Theft Putative Collective Action Members is at least three years prior to the filing of this Complaint.

### C.      Texas State Law Claim Rule 23 Class Members

15.      The Texas State Law Wage Theft Claim Rule 23 Class Members (hereafter "State Law Wage Theft Class Members") are similarly situated workers to Norris who: (a) worked exclusively for Barrington Trucking as a driver but were not paid for all hours worked for several workweeks worked in that time period due to Wage Theft by Defendants.

16.      As employees under Texas Law, Norris and the State Law Wage Theft Class Members seek recovery of all straight time wages owed by Defendants for the aforementioned Texas State Law Wage Theft Claim.

17.      Alternatively, Norris and the State Law Wage Theft Class Members seek recovery of all straight time wages and other damages owed by Defendants for the Texas State Law Wage Theft Claim under the Texas Law principles of *quantum meruit* and/or money had and money received.

### D.      Defendant Sharon Barrington

18.      Barrington Trucking is an assumed name for Sharon Barrington.

19.      During all times relevant to this lawsuit, Barrington Trucking has done business in the State of Texas. Furthermore, Barrington Trucking employed and continues to employ workers in East Texas.

20.      Barrington Trucking's principal office and principal place of business is located at

18946 N. Gregory Street, Lindale, Texas 75771.

21.     At times relevant, Barrington Trucking is and/or was an "employer" and/or "joint employer" of Plaintiff and the FLSA Putative Collective Action Members.

22.     At times relevant, Barrington Trucking is and/or was an "employer" and/or "joint employer" of Norris and the FLSA Minimum Wage Putative Collective Action Members.

23.     At times relevant, Norris and the State Law Wage Theft Class Members are/were Texas employees of Barrington Trucking.

24.     At all times relevant to this lawsuit, Barrington Trucking is and has been an "enterprise engaged in commerce" as defined by the FLSA.

25.     At all times relevant to this lawsuit, Barrington Trucking employed, and continues to employ, two or more employees who engaged in commerce.

26.     On information and belief, at all times relevant to this lawsuit, Barrington Trucking has had annual gross sales or business volume in excess of $500,000.

27.     Sharon Barrington may be served by delivering a summons and a copy of the compliant to her at 18946 N. Gregory Street, Lindale, Texas 75771.

### E.     Jurisdiction and Venue

29.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

30.     During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas and in particular in Smith County, Texas.

31.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

32.     Venue is proper in the United States District Court for the Eastern District of Texas

because a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district. Furthermore, Barrington Trucking maintains business operations in this judicial district where Plaintiff performed work.

33.     Venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas because Barrington Trucking maintains business operations in the Tyler Division and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in the Tyler Division.

34.     This Court has supplemental jurisdiction over the Texas State Law Wage Theft Claim pursuant to 28 U.S.C. § 1367 as the facts relative to that claim form part of the same case or controversy as the FLSA Wage Theft Claim.

### III.     FACTUAL BACKGROUND

35.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36.     Barrington Trucking is a company offering freight shipping and a trucking company running freight hauling business. Barrington Trucking has business operations in East Texas and Gregg County.

37.     Plaintiff worked for Barrington Trucking as a driver in and around East Texas. Drivers, such as Plaintiff, have job duties which typically include driving to various locations to pick up or drop off.

38.     At times relevant, Plaintiff was paid on an hourly wage basis for work performed for Barrington Trucking; however, were not paid overtime wages for all hours worked over 40 in each and every work week.

39.     Barrington Trucking did make and keep a record of all of the data required by 29 C.F.R. § 516.2(a) in connection with the work performed by Plaintiffs  for Barrington Trucking;

however, Defendants would routinely cut time from Plaintiff's work record.

40.     Plaintiff routinely worked in excess of 40 hours in a workweek for Barrington Trucking. When Plaintiff worked in excess of 40 hours in a workweek, he was not paid corresponding overtime premium compensation as required by the FLSA by Barrington Trucking. Plaintiff was also forced to work off the clock for pre-trip and post-trip activities as well as drive time to and from work locations for Barrington Trucking.

41.     During the time period relevant to Plaintiff's FLSA causes of action, Barrington Trucking had many other workers performing similar work and being paid in similar, if not identical, fashion to Plaintiff who, like Plaintiff, those workers regularly worked in excess of 40 hours in a workweek, but were not paid time and one-half their respective regular rates of pay by Barrington Trucking for all hours worked over 40 in each and every such workweek during the relevant time period.

42.     In approximately the end of 2015 to July 2019, Norris provided work exclusively for Barrington Trucking. However, during that time period, Norris was not paid compensation for off the clock work in many weeks of work provided to Barrington Trucking. During that same approximate time period, many other drivers also performed off the clock work for Barrington Trucking, but were not paid compensation for the off the clock work in many weeks of work for Barrington Trucking.

43.     Similarly, as of the filing of this lawsuit, Defendant has not paid Norris and the State Law Wage Theft Class Members the regular wages and other damages they are owed for those workweeks. Norris and the State Law Wage Theft Class Members performed driving for Barrington Trucking, and Defendants were aware that driving was performed. Norris and the State Law Wage Theft Class Members performed that work for Barrington Trucking with the expectation that they would be paid that work. However, as of the filing of this lawsuit, they have not been paid for that

work made the subject matter of the Wage Theft Claims. In connection with those Wage Theft Claims, Defendants have money which in equity and good conscience belongs to Norris and the State Law Wage Theft Class Members.

## IV.   CONTROLLING LEGAL RULES

44.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

45.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

46.     The FLSA generally requires that an employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages of not less than $7.25 for each hour worked. 29 U.S.C. § 206(a)(1)(C).

47.     Failing to pay the required minimum hourly wage is a violation of the FLSA. 29 U.S.C. § 216.

48.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

49.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

50.     Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). To recover under quantum meruit, it must be established that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 917 (Tex. App. Dallas 2008) (citing *Vortt,* 787 S.W.2d at 944; *Bashfara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

51.     "Money had and received is an equitable action that may be maintained to prevent

unjust enrichment when one person obtains money which in equity and good conscience belongs to another." *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App. Fort Worth 2012, no pet. h.) (*citing Staats v. Miller*, 243 S.W.2d 686, 687 (1951); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (stating that cause of action for money had and received belongs conceptually to doctrine of unjust enrichment)). To succeed in a claim for money had and received, it must be shown that the defendant holds money or its equivalent that, in equity and good conscience, belongs to the plaintiff. *Best Buy v. Barrera,* 248 S.W.3d 160, 162-163 (Tex. 2007) (per curiam); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 813 (Tex. App.--Dallas 2012, no pet. h.). The cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which … belongs to the plaintiff." *H.E.B.,* 369 S.W.3d at 507.

## V.     PLAINTIFF'S CLAIMS

52.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

53.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq.*

54.     All conditions precedent to this suit, if any, have been fulfilled.

55.     At all times relevant, Plaintiff and the Putative Class Members were employees of Barrington Trucking, Sharon Barrington pursuant to the FLSA. 29 U.S.C. § 203(e); *Wirtz*, 405 F.2d at 669-70. At all material times, Barrington Trucking has been an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

56.     Plaintiff routinely worked in excess of 40 hours per seven-day workweek for

Barrington Trucking. When he worked such overtime hours for Barrington Trucking, Plaintiff was entitled to overtime compensation at one and one-half times his respective regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

57.     Barrington Trucking failed to pay Plaintiff overtime compensation at one and one-half times his respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

59.     Plaintiff seeks all damages available for Barrington Trucking's violations of the FLSA.

## VI.     FLSA COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.     FLSA Overtime Claim Collective Action

61.     The FLSA Overtime Claim collective action includes Plaintiffs and the FLSA Putative Collective Action Members, which are all current and/or former drivers similarly situated to Plaintiffs who:

(a) work/worked exclusively for Barrington Trucking in connection with Barrington Trucking's operations performing the job duties of a truck driver; (b) worked off the clock hours for Barrington Trucking (c) work/worked more than 40 hours in any workweek in the relevant time period; (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each corresponding workweek by Barrington Trucking; and (e) were not paid for all hours worked.

62.     All of the Putative Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

63.     The time period relevant to the claims of the Putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

64.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

65.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding relative to the Putative Collective Action Members.

66.     Plaintiff further reserves the right to amend the definition of the Putative Collective Action Members or establish sub classes if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### B.     FLSA Minimum Wage Collective Action

67.     The FLSA Minimum Wage collective action includes Norris and the FLSA Wage Theft Putative Collective Action Members, which are all current and/or former truck drivers similarly situated to Norris who: (a) work/worked exclusively for Barrington Trucking in connection with Barrington Trucking's operations performing the job duties of a truck driver; (b) worked off the clock hours for Barrington Trucking (c) work/worked more than 40 hours in any workweek in the relevant time period; (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each corresponding workweek by Barrington Trucking; and (e) were not paid for all hours worked.

68.      All of the FLSA Minimum Wage Putative Collective Action Members are similarly situated to Norris, and to one another, within the meaning of Section 216(b) of the FLSA.

69.      The time period relevant to the claims of the FLSA Minimum Wage Theft Putative Collective Action Members is, on information and belief, three years prior to the filing of this Complaint. However, should discovery reveal a different relevant time period, Norris reserves the right to re- define the relevant time period pursuant to an amended complaint and/or class motion.

70.      Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan*, 497 F. Supp. 2d at 825; *Jones,* 281 F.R.D. at 290.

71.      Norris reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding relative to the FLSA Wage Theft Putative Collective Action Members.

72.      Norris further reserves the right to amend the definition of the FLSA Wage Theft Putative Collective Action Members, or establish sub classes if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   TEXAS STATE LAW WAGE THEFT CLAIM CLASS ALLEGATIONS

73.      Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

74.      As common law employees under Texas Law, Norris and the State Law Wage Theft Class Members seek recovery of all straight time wages owed by Defendants for the Texas State Law Wage Theft Claim.

75.      Alternatively, Norris and the State Law Wage Theft Class Members seek recovery of all straight time wages and other damages owed by Defendants for the Texas State Law Wage

Theft Claim under the Texas law principles of *quantum meruit* and/or money had and money received.

76.     Norris brings this Texas State Law Wage Theft Claim action on behalf of himself and State Law Wage Theft Class Members. Norris seeks to represent a class initially defined as: "all drivers who (a) worked exclusively for Barrington Trucking, with Barrington Trucking's knowledge of that work, during the time period of approximately end of 2015 to the present;  (b) expected to be paid a day rate for that work performed for Barrington Trucking; (c) but were not paid wages for hours worked in that time period by Defendants (for of the clock work).  Norris requests the opportunity to expand, narrow, or modify the State Law Wage Theft Class Member class definition, including sub-classes, pursuant to a motion for class certification and/or amended complaint.

77.     Norris' and State Law Wage Theft Class Members claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action. On information and belief, there over 27 other workers who are and/or were victims of the Texas State Law Wage Theft Claim. As such, joinder is impracticable. The precise number of Texas State Law Wage Theft Claim class members and their addresses are readily determinable from the records of Defendants.

78.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from the Texas State Law Wage Theft Claim include, but are not limited to, the following:

>       a. Whether Norris and the State Law Wage Theft Class Members are entitled to recovery of unpaid straight wages and other damages from Defendants pursuant to Texas state law claims premised on *quantum meruit* and/or money had and money received; and
>
>       b. The appropriate method to calculate damages owed Norris and the State Law Wage Theft Class Members by Defendants for

violations of state law in connection with the Texas State Law Wage
Theft Claim.

79.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the Texas State Law Wage Theft Claim.

80.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

81.     Norris is victim of the Texas State Law Wage Theft Claim and is therefore a member of the Texas State Law Wage Theft Class. Norris is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Norris is an adequate representative of the class and has the same interests as all of its members. Furthermore, Norris' claims are typical of the claims of all members of the class, and Norris will fairly and adequately protect the interests of the absent members of the class. Norris and his counsel do not have claims or interests that are adverse to the class members.

82.     Norris reserves the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or other proceeding.

83.     Norris further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.   <u>JURY DEMAND</u>

85.     Plaintiff demands a jury trial.

## IX.      <u>DAMAGES AND PRAYER</u>

86.      Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the collective action and class action members be awarded a judgment against Barrington Trucking for the following:

a.      Certification of Plaintiffs' FLSA Overtime Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

b.      Certification of Norris' FLSA Minimum Wage Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

c.      Actual damages in the amount of unpaid overtime wages;

d.      Actual damages in the amount of unpaid minimum wages;

e.      Liquidated damages in an equal amount to unpaid overtime wages and/or minimum wages;

f.      Post-judgment interest on the FLSA damages;

g.      Costs;

h.      Reasonable attorney's/attorneys' fees;

i.      Certification of Norris' Texas State Law Wage Theft Claims as a Rule 23 class action naming Norris as the class representatives and the undersigned as class counsel;

j.      All available damages for the Texas State Law Claims including pre-and post-judgment interest; and

k.      All other relief to which Plaintiff(s) and the putative collective action members and/or putative class action members are justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF